NICOLE C. HANCOCK, Bar No. 6899
nicole.hancock@stoel.com
KALI A. PARK, Bar No. 12690
kali.park@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

*Attorneys for Plaintiff Burks Tractor Company Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BURKS TRACTOR COMPANY INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZIMENO INC. d/b/a MONARCH TRACTOR, a Delaware corporation,<br><br>Defendant. | Case No. 1:25-cv-00585-AKB<br><br>**MOTION FOR ENTRY OF DEFAULT** |

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Burks Tractor Company Inc. ("Burks Tractor") respectfully requests that the clerk enter default against Zimeno Inc. d/b/a Monarch Tractor ("Monarch").

**I. BACKGROUND**

On September 12, 2025, Burks Tractor filed its Original Complaint against Monarch in Idaho State District Court. [Dkt. 1-1].  On October 16, 2025, Monarch removed the case to Idaho Federal District Court pursuant to 285 U.S.C. §§ 1331, 1332, 1441, and 1446. [Dkt. 1]. Monarch filed its answer on October 22, 2025. [Dkt. 4].

MOTION FOR ENTRY OF DEFAULT - 1
152562823.1 0083493-00002

On January 27, 2026, Monarch's counsel filed its Motion for Leave to Withdraw as Counsel for Defendant. [Dkt. 15]. The Court granted Monarch's Motion to Withdraw and pursuant to Dist. Idaho Loc. Civ. R. 83.6, ordered that Monarch has 21-days from the "filing of the proof of service by the withdrawing attorney to file written notice with the Court stating how and by whom it will be represented." [Dkt. 17]. Monarch filed its Affidavit of Service that on February 26, 2026, Monarch was served via email at the following [Dkt. 18]:

>Zimeno, Inc. dba Monarch Tractor
>Attention: Daniel Ogburn
>151 Lawrence Dr.
>Livermore, CA 94551
>Email: dogburn@monarchtractor.com

Accordingly, Monarch had 21 days from February 26, 2026, to file an appearance.

To date, substitute counsel for Monarch has not appeared in this case nor has there been any other attempt by Monarch to appear in this case. Declaration of Nicole Hancock in Support of Motion for Entry of Default ("Hancock Decl."), ¶ 2.

## II. ARGUMENT

Under Dist. Idaho Loc. Civ. R. 83.6(c) when an attorney withdraws for a party, the matter is stayed for 21 days after service of the order permitting the withdrawal. Dist. Idaho Loc. Civ. R. 83.6(c)(4) ("Upon entry of the order and the filing of proof of service on the client, no further proceedings can be had in the action which will affect the right of the party represented by the withdrawing attorney for a period of twenty-on (21) days."). If, after the 21-day period, the party fails to appoint an attorney or appear, "such failure will be sufficient grounds for the entry of a default against such party or dismissal of the action of such party with prejudice and without further notice, which shall be stated in the Order of the Court." *Id.* 83.6(c)(2).

MOTION FOR ENTRY OF DEFAULT - 2
152562823.1 0083493-00002

On February 23, 2026, the Court signed the Order granting Monarch's Counsel's Motion to Withdraw [Dkt 15] and ordering that Monarch "shall have **twenty-one (21) days** from the filing of proof of service by the withdrawing attorney to file written notice with the Court stating how and by whom it will be represented." [Dkt. 17] (emphasis original). The Court further ordered the Monarch's failure to appear "shall be grounds for *entry of default against Defendant with prejudice* without further notice." *Id.* (emphasis original). Monarch filed its Affidavit of Service confirming that Monarch was served with the Order on February 26, 2026. [Dkt. 18]. Twenty-one days have passed since Monarch was served with the Order Granting Defense Counsel's Motion to Withdraw as Counsel for Defendant (Dkt. 17).

Monarch had until March 19, 2026, to file an appearance in this case (21-days after receiving notice of their counsel's withdrawal). Monarch has not appeared by substitute counsel, or otherwise, since its original counsel withdrew. Hancock Decl. ¶ 2. Accordingly, under Dist. Idaho Loc. C. R. 83.6, this Court's Order, and Federal Rule of Civil Procedure 55(a), the Clerk must enter default against Monarch. Following the entry of default, Burks Tractor intends to seek entry of default judgment under Federal Rule of Civil Procedure 55(b).

### III. CONCLUSION

Burks Tractor Company asks the Clerk of the Court to enter an order of default against Monarch under Federal Rule of Civil Procedure 55(a).

DATED: May 1, 2026                    STOEL RIVES LLP


                                      /s/Nicole C. Hancock
                                      Nicole C. Hancock
                                      Kali A. Park
                                      *Attorneys for Plaintiff Burks Tractor Company Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2026, I served a true and correct copy of the within and foregoing document upon the following named parties by CM/ECF System, and addressed to the following:

Zimeno, Inc. dba Monarch Tractor          [x] Via U.S. Mail
Attention: Daniel Ogburn                  [ ] Via Facsimile
151 Lawrence Dr.                          [ ] Via Overnight Mail
Livermore, CA 94551                       [ ] Via Hand Delivery
                                          [x] Via Email
                                           *dogburn@monarchtractor.com*


                                      /s/ *Nicole C. Hancock*
                                      NICOLE C. HANCOCK


MOTION FOR ENTRY OF DEFAULT - 4
152562823.1 0083493-00002